UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY USANOVIC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:21-cv-1168-SCR<br><br><br>ORDER |

　　　Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act. On September 6, 2023, Magistrate Judge Deborah Barnes remanded this action to the Commissioner for further proceedings. ECF No. 17. On remand, Plaintiff was awarded past benefits of $113,451.95, plus ongoing benefits of $2,756 per month after July 2025. ECF No. 22-3 at 2.

　　　Now pending before the court is Plaintiff's Motion for an award of $28,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 22. The Commissioner filed a statement that he "neither supports nor opposes counsel's request for attorney's fees." ECF No. 26 at 2. The Commissioner requests that the order direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the Equal Access to Justice Act (EAJA). *Id.* at 2-3. For the reasons set forth below, the Motion and the Commissioner's request are granted.

1

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement for 25% of past due benefits awarded. ECF No. 22-1. Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $28,000, which represents less than 25% of the $113,451.95 in retroactive disability benefits awarded to Plaintiff on remand. ECF No. 22 at 5; ECF No. 22-3.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting *Gisbrecht*, 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary… the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

2

arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Plaintiff's counsel consists of one attorney with three years of experience as of the commencement of this action, and five years as of the fee award under the EAJA, plus two paralegals. ECF Nos. 22-4, 22-6. Counsel claims 13.08 hours of work by attorney Matthew Holmberg, plus 4.9 hours of paralegal work, for a total of 17.98 hours. ECF Nos. 22 at 16, 22-4. The Court finds that the amount of time expended on this matter is reasonable. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

The Court finds that a $28,000 fee, which does not exceed 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the Court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). At issue, however, is whether the requested fee represents an excessive hourly rate.

1    In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be
2  reasonable, with fee requests ranging from $11,500 to $24,000, and effective rates in the range of
3  $500 to $900/hour. 586 F.3d at 1145-1147. Here counsel acknowledges that dividing the
4  $28,000 fee by the 17.98 billed hours results in an effective hourly rate of $1,557.29/hour. ECF
5  No. 22 at 7. The effective rate appears somewhat higher than a sampling of recent rates approved
6  in this District, and therefore approaches what could be categorized as a windfall amount. *See*
7  *Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of
8  $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024)
9  (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August
10 28, 2024) (effective hourly rate of $864). Counsel argues, however, that after applying annual
11 Cost-of-Living Adjustments to hourly rates approved in 2016 and 2017, the requested rate is
12 comparable. ECF No. 22 at 9-10 (citing *Palos v. Colvin*, 2016 WL 5110243 at *2 (C.D. Cal.
13 2016); *White v. Berryhill*, 2017 WL 11634804 at *3 (C.D. Cal. July 7, 2017)). In any case, courts
14 have also approved higher effective rates. *See Roxsann D. A. v. O'Malley*, 2024 WL 1136398
15 (C.D. Cal. Feb. 12, 2024) ("The Central District of California has frequently found reasonable
16 fees with effective hourly rates exceeding $1,000"); *Timothy M. v. Commissioner*, 2023 WL
17 1071604 (D. Oregon Jan. 27, 2023) (effective rate of $1,863); *Tristan v. Commissioner*, 2023 WL
18 6129832 (E.D. Cal. Sept. 19, 2023) (effective rate of $1,580).

19   The Court also notes that the effective rate is significantly higher than what objective
20 standards otherwise suggest. For example, the 2025 Laffey Matrix defines a reasonable hourly
21 fee as no more than $258 for a paralegal and $1,141 for an attorney with over 20 years of
22 experience. ECF No. 22 at 8, 17-18; ECF No. 22-7 at 46. Holmberg, in contrast, received his
23 J.D. in May 2017 and started working as an associate attorney in June 2018. ECF No. 22 at 17;
24 ECF No. 22-6. He therefore graduated from law school less than seven years before the EAJA
25 award in 2023. See ECF Nos. 21, 22-4. The reasonable hourly fee under the Laffey Matrix for
26 such an attorney at the time was $538, while the reasonable hourly rate for a paralegal was $258.
27 ECF No. 22-7 at 46. Using the Laffey Matrix to conduct a lodestar analysis yields a reasonable
28 fee of ($538 x 13.08) = $7,037.04 for work Holmberg performed, plus ($258 x 4.9) = $1,264.20

4

for work the paralegals performed, for a total of $8,301.24.  See ECF No. 22-24.

As counsel notes, however, *Gisbrecht* and *Crawford* reject using a lodestar analysis to determine what fees should be paid.  ECF No. 22 at 6; *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 808–09).  Nor do any of the three factors discussed in *Crawford* – substandard performance, dilatory conduct, and proportion of fees to the benefits achieved – merit reduction in the current case.  *See* 586 F.3d at 1152.  The Court is concerned that granting the requested fee award would be tantamount to finding that any fee is reasonable if less than 25% of awarded benefits, an approach the Supreme Court has rejected.  *See Gisbrecht*, 535 U.S. at 808-09.  Yet the facts before the Court, and the effective ban on using lodestar analysis dictated by precedent, provide no basis for reducing the requested fee award.  For the reasons stated above, the Court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Here, Plaintiff's attorney was previously awarded $3,700.00 in EAJA fees pursuant to parties' stipulation.  *See* ECF Nos. 20-21.  Counsel therefore must remit that amount to Plaintiff.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorney fees under 42 U.S.C. § 406(b) (ECF No. 22), is GRANTED;

2. Counsel for Plaintiff is awarded $28,000 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

////

////

////

////

////

3. Counsel for Plaintiff is directed to remit to Plaintiff the amount of $3,700 for EAJA fees previously paid to counsel by the Commissioner.

SO ORDERED.

DATE: December 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE